FILED
2007 Jun-19  PM 12:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | } } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. |
| v. | } } | 06-AR-0058-S |
| BOWEN ELECTRIC CO., INC., et al., | } } } | |
| Defendants. | } | |

**MEMORANDUM OPINION**

Before the court is the motion of defendant, Sandra O. Bowen ("Ms. Bowen"), to set aside judgment under Rule 60(b), Fed. R. Civ. P.  For the reasons that follow, Ms. Bowen's motion will be granted.

*Background*

This action was brought by Elaine L. Chao ("Chao"), Secretary of Labor, United States Department of Labor, against defendants, Bowen Electric Company, Inc. ("Bowen Electric"), Jimmy T. Bowen ("Mr. Bowen"), and Ms. Bowen (together, "defendants"), pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132 (a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").  Ms. Bowen is the secretary-treasurer and partial owner of Bowen Electric.  Mr. Bowen, Ms. Bowen's husband, is Bowen Electric's primary owner and president.

Chao alleged in her complaint that defendants are fiduciaries of Bowen Electric's profit-sharing plan, and that they breached their fiduciary duties by improperly transferring funds from the plan. The summons and complaint that were addressed to Ms. Bowen reflected her address as 1125 Forest Avenue, Gadsden, AL 35209, which was the corporate address of Bowen Electric. Ms. Bowen has never resided at this address. The return of service on the summons indicates that the process server left copies of Ms. Bowen's summons and complaint with Mr. Bowen. While Ms. Bowen was vaguely aware of this lawsuit, she had been told by Mr. Bowen that the matter "had been handled." Various pleadings, including an answer to the complaint, were filed on her behalf, but Ms. Bowen never met with nor had any conversation with any of the attorneys who purported to represent her.

The lawyers who had appeared on behalf of all three defendants moved to withdraw as counsel on September 19, 2006, on the basis that defendants refused to pay their legal fees. Ms. Bowen testified that she did not receive notice of this motion, which was sent to the former address of Bowen Electric and not to her residence. On October 10, 2006, the court granted the lawyers' motion as to Mr. Bowen and Ms. Bowen, but denied the motion as to Bowen Electric, which was a corporation that could not represent itself in legal proceedings.

Chao moved for summary judgment on February 22, 2007. Ms.

Bowen, who was not then represented by counsel, did not receive notice of Chao's motion.  On March 8, 2007, the lawyers who still represented Bowen Electric moved to withdraw, asserting that they could not provide adequate representation for Bowen Electric because Mr. Bowen, Bowen Electric's corporate representative, was uncooperative and refused to return their calls.  The court permitted the lawyers to withdraw.

None of the defendants responded to Chao's motion for summary judgment.  The court deemed the material facts asserted by Chao to be undisputed, and granted Chao's motion on March 28, 2007.  Ms. Bowen first learned about the judgment against her after her brother heard it reported on the radio.  She filed her instant motion on April 9, 2007, styling it as a motion for new trial, motion to set aside judgment, and motion for release of judgment under Rules 59 and 60.  During oral argument on May 14, 2007, the court informed the parties that Ms. Bowen's Rule 59 motion is ineffectual, and that the only matter that remains to be resolved under Rule 60(b) is whether Ms. Bowen has proven "excusable neglect."

*Discussion*

In order to establish mistake, inadvertence, or excusable neglect, Ms. Bowen must show that: (1) she had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to Chao; and (3) a good reason

existed for Ms. Bowen's failing to reply to Chao's summary-judgment motion. *See Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

Ms. Bowen says that she "has a valid defense to this action in that, she was an innocent party without any knowledge or control of Mr. Bowen regarding the funds in these accounts." She does not include in her written motion any factual support for this bare assertion. Nevertheless, Ms. Bowen provided testimony at a hearing on May 11, 2007, and the court will deem that testimony to be incorporated into her Rule 60(b) motion.

Chao alleged in her complaint that Ms. Bowen is a "fiduciary" within the meaning of 29 U.S.C. § 1002(21)(A), and that she is liable for breach of her fiduciary obligations with respect to Bowen Electric's profit-sharing plan. Defendants in their answer (which was filed on behalf of Ms. Bowen without Ms. Bowen's knowledge or consent) asserted that they lack sufficient knowledge either to admit or deny that Ms. Bowen is a "fiduciary" under § 1002(21)(A). That provision deems a person as a fiduciary if:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets,

> (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or

> (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such

4

term includes any person designated under section 1105
(c)(1)(B) of this title.

During the May 11, 2007 hearing, Ms. Bowen testified to the
following:

Q. Now, the underlying claim in this is that there
were funds withdrawn from an ERISA covered profit
sharing plan.  Do you understand that's the
allegation?

A. Yes.  There was a profit sharing plan.

Q. Did you have anything to do with any funds
being withdrawn from this ERISA fund?

A. No.

Although not eloquently presented, the defense that Ms. Bowen
says she has seems apparent.  She asserts that she cannot be
held liable for breaching her fiduciary duties when she was
not a "fiduciary" to begin with.  This is a fairly
straightforward defense that does not require a long narration
of facts, since it is the very absence of facts that
constitutes the defense.

Chao argues that Ms. Bowen's proposed defense cannot be
meritorious because Ms. Bowen is identified as a trustee on
Bowen's profit-sharing plan, and because she admitted that she
was a plan fiduciary from September 10, 1999 to December 29,
1999.  These are facts that may or may not be undisputed, and
upon whose legal significance Ms. Bowen has not had the
opportunity to comment.  The court does not now rule on
whether Ms. Bowen was or was not a "fiduciary" as that term is

defined under ERISA, but it observes that such a defense may be available to Ms. Bowen.

Ms. Bowen must next show that the relief Ms. Bowen seeks would not prejudice Chao.  The court finds that no "prejudice," as that term is properly understood, will result if it grants Ms. Bowen's motion.  If Chao's motion for summary judgment is due to be granted, the court will still grant it at the appropriate time.  If Ms. Bowen is able to demonstrate the existence of a genuine issue of material fact, then Chao would not have been prejudiced by Ms. Bowen's first responding to Chao's rendition of the material facts.

Finally, Ms. Bowen must articulate a good reason for failing to respond to Chao's summary-judgment motion.  She says that she never received her summons or a copy of the complaint, did not know that lawyers were purporting to represent her, did not receive notice that these lawyers were withdrawing, and was not notified that Chao had filed a motion for summary judgment.  Her testimony on these points is credible, since papers were being sent to her at Bowen Electric's former address rather than to her current residential address.  Receipt by her estranged husband is not attributable to her under the totality of the circumstances.  Ms. Bowen had as good a reason as can be imagined for not responding to Chao's motion.

*Conclusion*

For the foregoing reasons, Ms. Bowen's motion to set aside judgment will be granted.

DONE this 19th day of June, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE