```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

ELAINE L. CHAO, Secretary of    }
Labor, United States            }
Department of Labor,            }
                                }
    Plaintiff,                  }
                                }      CIVIL ACTION NO.
v.                              }      06-AR-0058-S
                                }
SANDRA O. BOWEN,                }
                                }
    Defendant.                  }
                                }

## MEMORANDUM OPINION

The court has for consideration the motion of plaintiff, Elaine L. Chao ("Chao"), in her capacity as Secretary of Labor, United States Department of Labor, for summary judgment on the above-entitled action against defendant, Sandra O. Bowen ("Ms. Bowen"). Also before the court is Ms. Bowen's motion for summary judgment or, alternatively, for leave to file a motion for summary judgment. For the reasons that follow, Chao's and Ms. Bowen's motions will both be denied.

*Undisputed Facts and Procedural History*

In 1986, Bowen Electric Company, Inc. ("Bowen Electric"), which formerly was a defendant in this case, instituted the Bowen Electric Profit Sharing Plan (the "plan") for its employees. Employee contributions to the plan were made at the sole discretion of Bowen Electric. The "Summary Plan Description" of the profit-sharing plan identifies Bowen Electric as the plan sponsor and administrator, and it identifies Ms. Bowen and her now-estranged

husband, Jimmy T. Bowen ("Mr. Bowen"), as plan trustees. Mr. Bowen, another former defendant in this case, was president of Bowen Electric during the times applicable to this dispute, and Ms. Bowen was Bowen Electric's secretary during this same time period. The Summary Plan Description is dated January 31, 1989, and it does not contain the signatures of Ms. Bowen or Mr. Bowen.

Between September 10, 1999 and July 27, 2001, Mr. Bowen improperly diverted $139,300 in plan assets, $28,700 payable to Bowen Electric and $110,000 payable to him. Ms. Bowen did not take any part in the diversion of these assets, and she was unaware of Mr. Bowen's indiscretions. Although she held the nominal title of secretary of Bowen Electric during this time period, the last time she was actively involved in company operations was early 1988.

Chao brought this action against Bowen Electric, Mr. Bowen, and Ms. Bowen, pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132 (a)(2) and 1132(a)(5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq*. She alleged that all three defendants breached their fiduciary obligations with respect to the plan by failing to discharge their duties solely in the interest of the plan's participants and beneficiaries. After all defendants failed to respond to Chao's motion for summary judgment, the court entered a final judgment against them on March 28, 2007.

After her brother heard about the judgment on the radio, Ms.

Bowen, who did not know that she had been sued and did not know that lawyers had been purporting to represent her, moved to set aside the judgment on April 9, 2007. On June 19, 2007, the court granted Ms. Bowen's motion, vacated the final judgment as against her only, and allowed her to respond to Chao's motion for summary judgment.

*Summary Judgment Standard*

In considering a Rule 56 motion, the court must construe the evidence and make factual inferences in the light most favorable to the nonmoving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). The court may enter summary judgment only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242-43 (1986) (citations omitted). This determination involves applying substantive law to the substantive facts construed in favor of the non-movant. With respect to Chao's motion for summary judgment, the court therefore must construe the evidence in the light most favorable to Ms. Bowen. On the other hand, with respect to Ms. Bowen's motion, the court must construe the evidence in the light most favorable to Chao.

*Discussion*

**I. Chao's Motion For Summary Judgment**

    ***A. Ms. Bowen's Status As A Fiduciary***

Before Ms. Bowen can be held liable for breaching fiduciary duties with respect to the plan, she must be found to be a "fiduciary" as that term is defined under ERISA. Under 29 U.S.C. § 1002(21)(A), Ms. Bowen is a fiduciary if:

> (i) [she] exercises any discretionary authority or discretionary control respecting management of [the] plan or exercises any authority or control respecting management or disposition of its assets,
>
> (ii) [she] renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of [the] plan, or has any authority or responsibility to do so, or
>
> (iii) [she] has any discretionary authority or discretionary responsibility in the administration of [the] plan. Such term includes any person designated under section 1105 (c)(1)(B) of this title.

Chao contends that Ms. Bowen is a fiduciary to the plan because (1) she admitted during discovery that she was a fiduciary and that she was responsible for management of the plan's assets, and (2) she is a named trustee to the plan. Although Chao may ultimately be correct that Ms. Bowen is a fiduciary, the evidence does not point absolutely to this conclusion. First, Ms. Bowen did not expressly admit that she was a fiduciary to the plan or that she was responsible for management of the plan's assets. Rather, the lawyers who had appeared on her behalf without her knowledge or consent did not tender responses to Chao's requests for admission.

Chao asks for Ms. Bowen's failure to provide responses to be counted as admissions, but the court is unwilling to acquiesce to this request out of fairness and due-process concerns. The court instead deems any information sought by Chao in her requests for admission to constitute disputed facts.

Second, the court is not persuaded by Chao's argument that Ms. Bowen is a fiduciary to the plan by virtue of being named as a trustee on the Summary Plan Description, without any regard to whether Ms. Bowen ever possessed or exercised any actual discretionary authority or control with respect to the plan's administration. Chao cites the following portion of the Department of Labor's guidelines interpreting ERISA:

> D-3 Q: Does a person automatically become a fiduciary with respect to a plan by reason of holding certain positions in the administration of such plan?
>
> A: Some offices or positions of an employee benefit plan by their very nature require persons who hold them to perform one or more of the functions described in section 3(21)(A) of the Act. For example, a plan administrator or a trustee of a plan must, be the very nature of his position, have "discretionary authority or discretionary responsibility in the administration" of the plan within the meaning of section 3(21)(A)(iii) of the Act. Persons who hold such positions will therefore be fiduciaries.
>
> . . . .

29 C.F.R. § 2509.75-8. Although the court agrees with the Department of Labor that being named as a trustee might create a presumption that the named individual is a fiduciary, it does not agree that this completely closes the inquiry. *See Kayes v.*

*Pacific Lumber Co.*, 51 F.3d 1449, 1460 (9th Cir. 1995) ("[T]he definition of who is a fiduciary . . . is based on the person's functions, not the title conferred by the Plan.")  Ms. Bowen has furnished the court with enough evidence to show that she can overcome this presumption.  Specifically, the Summary Plan Description does not include Ms. Bowen's signature, and it does not say how Ms. Bowen became identified as a trustee.  The document is dated January 31, 1989, but Ms. Bowen states in her affidavit that she has not taken any active role in Bowen Electric since 1988.  She also says that Mr. Bowen has forged her name on various documents in the past.  The court is unwilling to hold Ms. Bowen liable for a crippling damages award without giving her an opportunity to present her defense to a jury, when there appears to be a possibility that she did not expressly consent to being named as a trustee.  Chao obviously does not share in this concern.

Because the court cannot find, as a matter of law, that Ms. Bowen is a "fiduciary" under 29 U.S.C. § 1002(21)(A), Chao's motion for summary judgment will be denied.

### B. Breach of Fiduciary Obligations

Chao contends that Ms. Bowen breached her fiduciary obligations with respect to 29 U.S.C. §§ 1104(a)(1)(A), 1104(a)(1)(B), and 1106(a)(1)(D), and that she is liable for the unlawful actions of her co-fiduciary, Mr. Bowen, under 29 U.S.C. § 1105(a).  Even if the court assumes that Ms. Bowen is a fiduciary,

there is sufficient evidence to create a genuine issue of material fact as to whether Ms. Bowen breached any of her fiduciary obligations.

29 U.S.C. § 1104(a)(1)(A) provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and [] for the exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."  Ms. Bowen states in her affidavit that she did not remove any funds from the plan and that she had no knowledge that Mr. Bowen had done so.  There is no contravening evidence to suggest that she had any involvement with Mr. Bowen's diversion of plan assets.  The court therefore cannot rule as a matter of law that Ms. Bowen violated § 1104(a)(1)(A).

29 U.S.C. § 1104(a)(1)(B) requires that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and [] with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."  Chao argues that Ms. Bowen did not act with the care, skill, and diligence required under this subsection because she took no steps to learn about her fiduciary obligations, failed to monitor the management and operation of the

plan or the activities of Mr. Bowen, did not attempt to resign from her position as trustee, and generally ignored her responsibilities with respect to the plan.  Chao may be correct, but she points to no evidence, other than unanswered requests for admission that do not, under the instant circumstances, constitute admissions, that this is the case.  Moreover, Ms. Bowen says that her husband had affirmatively shut her out from all activities of Bowen Electric.  Presumably, she was shut out from the management of plan assets as well.  Under these circumstances, a jury could easily draw the opposing inference to the position Chao advocates.  Even if the court were to assume that Ms. Bowen is a fiduciary to the plan, it would not agree with Chao's § 1104(a)(1)(B) argument at this Rule 56 stage.

29 U.S.C. § 1106(a)(1)(D) prohibits a fiduciary from engaging in a transaction "if he knows or should know that such transaction constitutes a direct or indirect [] transfer to, or use by or for the benefit of a party in interest, of any assets of the plan."  There is no evidence that Ms. Bowen ever engaged in any transaction with respect to the plan, much less a transaction that violated § 1106(a)(1)(D).  If Ms. Bowen was a fiduciary, the court would deny Chao's motion for summary judgment based on an alleged violation of this subsection of ERISA.

Finally, Chao argues that even if Ms. Bowen did not personally violate any of the ERISA provisions discussed above, she is

vicariously liable for Mr. Bowen's breaches of fiduciary obligations. 29 U.S.C. § 1105(a) provides:

> In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
>
>> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
>>
>> (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
>>
>> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

Ms. Bowen raises issues of material fact that can form the basis for a possible inference that she did not participate in, conceal, enable, condone, or have knowledge of Mr. Bowen's illicit activities. According to her affidavit, Ms. Bowen was just as unaware that Mr. Bowen was diverting plan assets as she was unable to find out about it. In sum, if Ms. Bowen was assumed to be a fiduciary to the plan, the court would require Chao to prove to a jury that Ms. Bowen should be held vicariously liable for Mr. Bowen's misdeeds.

**II. Ms. Bowen's Motion For Summary Judgment**

At the end of her response to Chao's motion for summary judgment, Ms. Bowen asks the court to "grant relief to the

defendant for a filing of a summary judgment motion on the basis of the grounds stated herein this brief." The court is unsure whether Ms. Bowen is asking for leave to file a belated motion for summary judgment, or if she is asking for the court to consider her response as a motion for summary judgment in itself. No matter how Ms. Bowen's request is construed, the motion will be denied. As the parties have no doubt recognized, the posture of this case is rather unusual. The case proceeded against Ms. Bowen for fifteen months without her even knowing that lawyers were purporting to represent her, so it would be unfair to consider Chao's unanswered requests for admission to constitute anything other than disputed facts. This is why the court invited the parties to file motions to reopen discovery in its June 19, 2007 order. In any event, the court will not grant summary judgment in favor of Ms. Bowen when it has effectively stricken all discovery as to her. If Chao had known that Ms. Bowen would rely on defenses that have only recently been raised, she likely would have significantly changed her discovery plan. Under the circumstances, to grant summary judgment in favor of Ms. Bowen, or even to permit Ms. Bowen to formally move for summary judgment, would be unfairly prejudicial to Chao.

The court will set a date for a pretrial conference, but it invites motions to postpone the pretrial conference, reopen discovery, and set a new dispositive-motion deadline. If such a motion is filed by either or both parties, and if it is granted,

any applicable order will pertain to both Chao and Ms. Bowen. In other words, discovery would be reopened as to both parties, and both parties would have an opportunity to file renewed dispositive motions upon the close of the new discovery period.

*Conclusion*

For the foregoing reasons, Chao's and Ms. Bowen's respective motions for summary judgment will be denied.

DONE this 19th day of July, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE